**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| v. | NO. 19-452 |
| JAMIR FOUSHEE | |

<u>**MEMORANDUM RE: SENTENCING**</u>

**Baylson, J.**                                                                                      **April 14, 2022**

**I.      Introduction**

Defendant Jamir Foushee was sentenced on April 6, 2022, for the following offenses:

**Count 1**: Possession of a firearm by a convicted felon, 18 U.S.C §§ 922(g)(1), 924(e)(1) – 180 months

**Count 2**: Possession with intent to distribute cocaine base, 21 U.S.C §§ 841(a)(1), 841(b)(1)(C) – 120 months, concurrent with Count 1

**Count 3**: Possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C §§ 924(c)(1)(a)(1), 924(c)(1)(a)(2) – 60 months, consecutive to Count 1

The Court stated the sentence was being imposed under the Armed Career Criminal Act (ACCA), 18 U.S.C § 922(g)(1) and § 924(e)(1), or, alternatively, under the Career Offender provision of the Sentencing Guidelines, U.S.S.G § 4B1.1, or, alternatively, the Court would have imposed the same sentence by granting an "upward variance" under U.S.S.G § 4A1.3.

Because of disputes about the appropriate sentence in this case, as briefed and argued by the Government and Defendant at the sentencing hearing, this Memorandum will explain the Court's reasons in greater detail, supplementing the statements made on the record at the hearing.

In the Sentencing Memoranda filed by Defendant (ECF 97) and the Government (ECF 95), as well as in the Government's Supplemental Sentencing Memorandum (ECF 102), the parties disagree on, among other matters, whether Defendant Jamir Foushee's prior convictions qualify

1

as predicate offenses under ACCA and/or the Career Offender provisions of the Sentencing Guidelines.

## II.    Legal Background

Defendant had been previously convicted of several felonies under state law.  To determine whether a past conviction for a state offense qualifies as a conviction for a "violent felony" under ACCA, courts use a "categorical approach" that entails comparing the elements of the crime of conviction with the elements of a generic version of the offense.  "The prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense."  Mathis v. United States, 136 S. Ct. 2243, 2247 (2016).

Recently, in United States v. Giles, No. CR 94-20-01, 2021 WL 5418158 (E.D. Pa. 2021) (Baylson, J), this Court applied the "categorical approach" in ruling that a conviction under a Pennsylvania robbery statute allowing conviction for "reckless" conduct would not qualify as a conviction for a "violent felony" under ACCA.  This ruling was based on the Supreme Court's decision in Borden v. United States, which held that if a state offense can be committed with a mens rea of "recklessness," it does not qualify as a "violent felony" under ACCA.  141 S. Ct. 1817, 1834 (2021).

Sometimes, a single statute will be "divisible," meaning that it "list[s] elements in the alternative, and thereby define[s] multiple crimes."  Mathis, 136 S. Ct. at 2249.  In this situation, a court uses the "modified categorical approach" in which it "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of.  The court can then compare that crime, as the categorical approach commands, with the relevant generic offense."  Id. (citations omitted). The limited class of documents that a court may consult, which are commonly known as "Shepard

documents," does not include "police reports or complaint applications." <u>Shepard v. United States</u>, 544 U.S. 13, 16 (2005).

## III.  Discussion

### a.  Prior Aggravated Assault Conviction

#### i.  Divisibility

Defendant's 2009 Pennsylvania conviction for second-degree aggravated assault qualifies as a "violent felony" and thus a predicate for an enhanced sentence under ACCA and the Career Offender provisions of the Sentencing Guidelines.

The Third Circuit has held that "Pennsylvania's aggravated assault statute [18 Pa. C.S. § 2702] sets out divisible forms of aggravated assault: first- and second- degree aggravated assault." <u>United States v. Ramos</u>, 892 F.3d 599, 609 (3d Cir. 2018).  The aggravated assault statute "is further divisible into . . . alternative second-degree aggravated assault offenses." <u>Id.</u>  As the aggravated assault statute is divisible, the Court must consider the <u>Shepard</u> documents to determine under which second-degree aggravated assault offense Foushee was convicted.

#### ii.  <u>Shepard</u> Documents

##### 1.  Documents and Contentions

The Government has presented a document from one of the Defendant's prior convictions, in the Philadelphia Court of Common Pleas, entitled "Colloquy for Plea of Guilty/Nolo Contendere" (Doc. No. CP - 51-CR-0002903-2009).  This document list twenty-four separate counts with the caption, <u>Commonwealth of Pennsylvania v. Jamir Young</u> (an alias for Defendant Jamir Foushee), presumably from police records.

The second page of this document contains a plea agreement signed by Foushee, showing that he was pleading guilty to four of the charges as follows:

Aggravated assault (F1 [first-degree felony]);
Aggravated assault (F1 [first-degree felony]);
Aggravated assault (F2 [second-degree felony]); and
Fleeing police (F3 [third-degree felony]).

The third page of this document shows that for Count 2, aggravated assault (F2), the offense date was December 19, 2008, and the applicable state criminal statute is cited as 18 Pa. C.S. § 2702(a).  The basis for Count 2 is stated as follows:

> Attempted to cause serious bodily harm to another, or caused such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life; and/or attempted to cause or intentionally, knowingly, or recklessly did cause, bodily/serious bodily injury to an officer, agent, employee, or other person enumerated in 18 Pa. C.S. § 2702(c).[1]  Victim: P/O Toribio.

Defendant contends that the <u>Shepard</u> documents provide no indication of which second-degree aggravated assault offense under 18 Pa. C.S. § 2702(a) Foushee pled guilty to, and therefore the Court must treat second-degree aggravated assault as a single offense in applying the categorical approach.  See <u>United States v. Peppers</u>, 899 F.3d 211, 232 (3d Cir. 2018) ("Without <u>Shepard</u> documents, the categorical and modified categorical approaches are the same, and the sentencing court is forced to proceed under the categorical approach.").  Defendant contends that because one form of second-degree aggravated assault enumerated in the statute—which involves using tear gas, noxious gas, or an electric or an electronic incapacitation device—can be committed with a mens rea of "recklessness," <u>see</u> 18 Pa. C.S. § 2702(a)(7), this Court must therefore use the categorical approach to conclude Foushee's guilty plea does not qualify as a conviction for a "violent felony" under ACCA.  (Def.'s Memo 3–4.)

Defense counsel showed at the sentencing hearing that one document from Foushee's 2009 aggravated assault prosecution stated that the charge was made under Section 2702—

---

[1] 18 Pa. C.S. § 2702(c) enumerates a variety of government officials and employees.

Pennsylvania's general aggravated assault statute—without specifying which subsection of the statute, enumerating different types of aggravated assault, applied.

## 2.  Analysis

The Court agrees with the Government that the <u>Shepard</u> documents require the Court to conclude that Foushee's conviction was under Section 2702(a)(3).   At the time of Foushee's sentencing, Section 2702 enumerated seven different aggravated assault offenses, codified at Section 2702(a)(1)–(7).   The statute's grading provision, 18 Pa. C.S. 2702(b), provides that aggravated assault under subsections (a)(1) or (a)(2) is a first-degree felony (F1), whereas aggravated assault under subsection (a)(3), (a)(4), (a)(5), (a)(6), or (a)(7) is a second-degree felony (F2).   There is no dispute from the <u>Shepard</u> documents cited above that Foushee pled guilty to second-degree aggravated assault, meaning that he must have pled guilty under subsection (a)(3), (a)(4), (a)(5), (a)(6), and/or (a)(7).   Aggravated assault is defined under these subsections as follows:

> (a)(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;
>
> (a)(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;
>
> (a)(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including a student employee, of any elementary or secondary publicly-funded educational institution, any elementary or secondary private school licensed by the Department of Education or any elementary or secondary parochial school while acting in the scope of his or her employment or because of his or her employment relationship to the school;
>
> (a)(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury; [and]

(a)(7) uses tear or noxious gas as defined in section 2708(b) (relating to use of tear or noxious gas in labor disputes) or uses an electric or electronic incapacitation device against any officer, employee or other person enumerated in subsection (c) while acting in the scope of his employment[.]

The Court must eliminate subsections under which Foushee could not have been convicted by examining the guilty plea colloquy and charging Information summarized above and cited by the Government (Gov't's Memo 8–9). This process leads the Court to conclude that Foushee pled guilty under subsection (a)(3)

The Information states, with regard to Foushee's second-degree aggravated assault offense, that Foushee "attempted to cause, or intentionally, knowingly, or recklessly did cause, bodily/serious bodily injury to an officer, agent, employee, or other person enumerated in 18 Pa. C.S. 2702(c)." Subsection (a)(3), though it does not use criminalize "reckless" conduct, states that a person commits aggravated assault if they "attempt[] to cause or intentionally or knowingly cause[] bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty." 18 Pa. C.S. § 2702(a)(3). By contrast, the types of aggravated assault described in subsections (a)(4), (a)(5), (a)(6), and (a)(7) have nothing to do with injuring an officer, agent, employee, or other person enumerated in 18 Pa. C.S. 2702(c). Therefore, the only reasonable conclusion is that Foushee's second-degree aggravated assault conviction was under subsection (a)(3), which does not allow conviction for "mere" "reckless" conduct.

### 3.  __Borden__ Considerations

The Court wishes to be clear that the charging Information's use of "recklessly" does not implicate Borden. This is because the Information, though it allows the Court to reasonably infer to which part of Section 2702(a) Foushee pled guilty, is, ultimately, merely an Information. It is the elements of the state statute of conviction—not the Information that leads to that conviction—that a court must examine to determine whether a conviction under that state statute qualifies as a

6

"violent felony."  The Court finds that, because a person could not be convicted of second-degree aggravated assault under subsection (a)(3) with a mens rea limited to "recklessness," Defendant's argument is foreclosed.

The Court rejects Defendant's argument that Plaintiff's second-degree aggravated assault conviction does not qualify as a predicate because subsection (a)(7) of the aggravated assault statute allows a conviction for "reckless" conduct.  "[V]arious Pennsylvania authorities establish that § 2702(a) lists divisible aggravated assault offenses in the alternative, not merely alternative means of committing aggravated assault," Ramos, 892 F.3d at 610, and the Shepard documents show that the aggravated assault offense to which Foushee pled guilty was clearly not that described in subsection (a)(7).[2]

### b. Prior Narcotic Convictions

Defendant has two prior convictions for drug trafficking; one of each in 2009 and 2016, both involving possession of both heroin and cocaine with intent to deliver.  The parties disagree whether these convictions qualify as sentencing enhancement predicates under the ACCA and Career Offender guidelines.  The Court finds that they do qualify.

The Court adopts the interpretation and arguments made in the Government's Supplemental Sentencing Memorandum.  The Court finds that the definitions of heroin and cocaine under Pennsylvania law, although slightly broader than set forth in federal law, are not sufficiently distinct to make any difference to a defendant such as Foushee.  Defendant's convictions in both 2009 and 2016 for both heroin and cocaine, using the "mainstream" definition of these drugs and the verb "deliver," allow them to be used as predicates under both ACCA and

---

[2] See Presentence Investigation Report, ¶ 35, for further details on Foushee's second-degree aggravated assault conviction showing that he could not plausibly have been convicted under subsection (a)(7).

the Career Offender provisions.  The federal definitions of these substances and the prohibited conduct generally parallel the definitions set forth in state law.

Defendant's arguments to the contrary, although adopted by some district courts and in some instances by federal circuit courts, have not been endorsed by the Supreme Court or the Third Circuit.

As the Government contends, Foushee cannot successfully argue that, because some differences exist between the state and federal law as to some unusual types of heroin or cocaine that may produce in some cases a marginal disparity between federal and state law, not at all applicable to this Defendant's conduct, that the Court may not use Defendant's own convictions for "generic" heroin and "generic" cocaine as predicate convictions for his prior criminal conduct resulting in the present conviction.  The Government may be correct that the state definitions of heroin and cocaine are the most relevant, but it is also important to note that under federal law the definition of these drugs under either federal *or* state law suffices.  There is no Supreme Court or Third Circuit decision endorsing the defense arguments on the controlled substances or definition of "delivery" that the defense relies on in this case.

### c.  Upward Variance

Even if the defense were correct as to its contentions that neither ACCA nor the Career Offender provisions apply, as the Court made clear in sentencing Foushee, reliance on the ability of the Court to "vary upward" is appropriate in this case because of Foushee's constant criminal conduct, and the undisputed fact that he was in possession of a gun in this particular case.

The Court notes in passing, but does not rely on this for any of its reasons in imposing the sentence on Foushee, that federal laws calling for severe punishment of convicted felons who carry guns are well-grounded in public policy and public safety.

**IV.     Conclusion**

For the foregoing reasons, the Court finds that Defendant's second-degree aggravated assault conviction and drug offense convictions qualify as predicates for enhanced sentencing under ACCA and the Career Offender guidelines.

**BY THE COURT:**

**s/ Michael M. Baylson**

_____

**MICHAEL M. BAYLSON, U.S.D.J.**

O:\CRIMINAL DEPUTY (Lori)\MEMOS\19cv452 Memorandum re Sentencing.docx